IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

**ANDREW "ANDY" THOMAS,**

      **PLAINTIFF,**                                  **CASE NO.: 1:21-cv-2519**

v.

**ooSHIRTS, INC. doing business as www.teechip.com,**

**ooSHIRTS, INC. doing business as www.teetalk.gift,**

**JOHN DOE 1 doing business as soci458,**

**JOHN DOE 2 doing business as soci45s,**

**JOHN DOE 3 doing business as soci45t,**

**JOHN DOE 4 doing business as soci45m,**

**JOHN DOE 5 doing business as soci459**

**JOHN DOE 6 doing business as soci45j,**

**JOHN DOE 7 doing business as soci45k,**

**JOHN DOE 8 doing business as soci45tr1,**

**JOHN DOE 9 doing business as soci455,**

**JOHN DOE 10 doing business as soci45b,**

and

**JOHN DOE 11 doing business as socitpro1803,**

      **DEFENDANTS.**

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

      Plaintiff Andrew Thomas, by and through the undersigned counsel, hereby sues Defendants ooShirts, Inc. d/b/a TeeChip, ooShirts, Inc. d/b/a TeeTalk, John Doe 1 d/b/a soci458, John Doe 2 d/b/a soci45s, John Doe 3 d/b/a soci45t, John Doe 4 d/b/a soci45m, John Doe 5 d/b/a socie459, John Doe 6 d/b/a socie45j, John Doe 7 d/b/a soci45k, John Doe 8 d/b/a soci45trl, John Doe 9 d/b/a soci455, John Doe 10 d/b/a soci45b, and John Doe 11 d/b/a socipro1803, and for his complaint for copyright infringement, alleges as follows:

### PARTIES

    1.    Plaintiff Andrew Thomas is an adult individual, residing in Jasper County, Missouri.

    2.    Defendant ooShirts, Inc. is a California corporation, licensed to do business in the State of Indiana.

    3.    Defendant John Doe 1 is an unknown individual or entity, doing business on one of Defendant ooShirts, Inc's websites under the designation soci458.

    4.    Defendant John Doe 2 is an unknown individual or entity, doing business on one of Defendant ooShirts, Inc.'s websites under the designation soci45s.

    5.    Defendant John Doe 3 is an unknown individual or entity, doing business on one of Defendant ooShirts, Inc.'s websites under the designation soci45t.

    6.    Defendant John Doe 4 is an unknown individual or entity, doing business on one of Defendant ooShirts, Inc.'s websites under the designation soci45m.

7. Defendant John Doe 5 is an unknown individual or entity, doing business on one of Defendant ooShirts, Inc.'s websites under the designation soci459.

8. Defendant John Doe 6 is an unknown individual or entity, doing business on one of Defendant ooShirts, Inc.'s websites under the designation soci45j.

9. Defendant John Doe 7 is an unknown individual or entity, doing business on one of Defendant ooShirts, Inc.'s websites under the designation soci45k.

10. Defendant John Doe 8 is an unknown individual or entity, doing business on one of Defendant ooShirts, Inc.'s websites under the designation soci45trl.

11. Defendant John Doe 9 is an unknown individual or entity, doing business on one of Defendant ooShirts, Inc.'s websites under the designation soci455.

12. Defendant John Doe 10 is an unknown individual or entity, doing business on one of Defendant ooShirts, Inc.'s websites under the designation soci45b.

13. Defendant John Doe 11 is an unknown individual or entity, doing business on one of Defendant ooShirts, Inc.'s websites under the designation socitpro1803.

## JURISDICTION AND VENUE

14. This complaint is brought pursuant to 17 U.S.C. § 101 et seq. for copyright infringement, contributory infringement, and vicarious infringement.

15. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the copyright laws of the United States.

16. This Court has personal jurisdiction over Defendant ooShirts, Inc. because Defendant ooShirts, Inc. has an office in the Southern District of Indiana such that it has systematic and continuous contacts with this District.

17. The Court has personal jurisdiction over Defendants John Doe 1 to John Doe 11, inclusive, because Plaintiff's claims arise out of actions and/or omissions occurring in this District.

## PLAINTIFF'S ARTWORK

18. Plaintiff is a self-taught artist, based in Carthage, Missouri.

19. Plaintiff's art includes scenes from the American West in the mid to late Nineteenth Century, scenes from the American Civil War, contemporary scenes of rural America, scenes from urban Italy, and depictions of American political leaders.

20. Plaintiff begins creating a work with historical research associated with the work.

21. Plaintiff then creates a study of the work, which is a rough sketch of the work.

22. Plaintiff uses oil on canvas to create his works and the grid method to create the work.

23. Plaintiff's portfolio includes approximately four hundred works and Plaintiff holds approximately 214 copyright registrations.

24. Plaintiff began painting depictions of American political leaders around 2008, after the success of his portrait of Abraham Lincoln, the President of the United States during the American Civil War.

25. As a result of the success of the work Abraham Lincoln, Plaintiff created a series of works depicting American political leaders for which Plaintiff became famous.

26. Plaintiff's depictions of American political leaders include Presidents of the United States from the Democratic Party and the Republican Party. Plaintiff's works are not partisan.

27. Approximately twelve (12) months into a new United States presidency, Plaintiff will begin creating a new work, depicting the new president with former presidents of the same political party.

28. On January 20, 2017, Donald J. Trump was sworn in as the forty-fifth President of the United States.

29. On March 14, 2018, Plaintiff unveiled a work featuring President Donald J. Trump and titled, The Republican Club (the "Work").

30. A copy of the Work, with Plaintiff's copyright management information, is:



31. The Work depicts six (6) former United States presidents sitting at a poker table with three (3) additional former Republican presidents standing close by said poker table. At the time the Work was completed, President Trump was the current President of the United States.

32. The Work depicts several other former Republican presidents in the background and a professionally dressed woman approaching the poker table in the foreground.

33. Some of the Republican presidents depicted in the Work are contemporaries while others, such as Abraham Lincoln, who died in April 1865, were not alive at the same time.

34. The Work contains Plaintiff's signature in the lower left side of the Work.

35. The Work is registered with the United States Copyright Office under registration number VA 2-112-564.

36. The Work is properly registered with the United States Copyright Office.

37. Plaintiff holds the copyrights to the Work.

### DEFENDANT ooSHIRTS, INC.'S BUSINESS

38. Defendant ooShirts, Inc. is an online platform that affixes images, supplied by third parties, to products that are sold and delivered to Defendant ooShirts, Inc.'s customers across the United States.

39. Defendant ooShirts, Inc. offers, sells, and distributes a variety of products for sale, including tee shirts, posters, mugs, and mobile phone cases, to its customers that bear a selected image.

40. Defendant ooShirts, Inc. operates at least two (2) websites that provide the online design and sales platform, namely www.teechip.com and www.teetalk.gift.

41. In order to upload an image to Defendant ooShirts, Inc.'s website www.teechip.com, an individual must create a registered member account through the same website.

42. In creating the registered member account, the individual must provide his or her full name, email address, and password for the registered member account.

43. Once the customers place the order for the products, the order is sent to Defendant ooShirts, Inc.'s printing facilities in Pennsylvania or California.

44. The products are then shipped to the customers by Defendant ooShirts, Inc.

45. Defendant ooShirts, Inc. manufactures the products, ships the products to the customer, processes the payment, and retains the profits from the sale of the products.

## INFRINGEMENT OF PLAINTIFF'S ARTWORK

46. At some point prior to November 7, 2018, John Does 1 to 10, inclusive, acquired a copy or copies of the Work.

47. After obtaining a copy or copies of the Work, John Does 1 to 10, inclusive, uploaded a copy of the Work to Defendant ooShirts, Inc.'s website, www.teechip.com, at some point prior to November 7, 2018.

48. After the Work was uploaded, Defendant ooShirts, Inc. and John Doe 1 to 10, inclusive, began selling products bearing the Work, including but not limited to, tee shirts, tank tops, coffee mugs, posters, and mobile phone cases.

49. Defendant ooShirts, Inc. displayed the Work with the outer edges omitted on the tee shirts, tank tops, and posters.

50. Defendant ooShirts, Inc., through its website www.teechip.com, displayed the Work in two (2) dimensions on the coffee mugs and mobile phone cases to appear fixed to a three (3) dimensional surface, resulting in a manipulation of the Work.

51. While products bearing the Work were displayed on www.teechip.com, an unknown number of customers placed orders for products bearing the Work.

52. Defendant ooShirts, Inc. manufactured the products bearing the Work and distributed the products bearing the Work to its customers.

53. Upon information and belief, Defendant ooShirts, Inc. distributed the products bearing the Work to its customers from its fulfillment center in Indiana with the term "TeeChip", noted on the packaging containing the product bearing the Work.

54. Defendant ooShirts, Inc. collected the profits from the sales of the products bearing the Work through its website, www.teechip.com.

55. In November 2018, Plaintiff, through counsel, alerted Defendant ooShirts, Inc. of the unauthorized use of the Work and Plaintiff's copyrights to the Work.

56. Defendant ooShirts, Inc. received the notice of the unauthorized uses of the Work and Plaintiff's copyrights to the Work.

57. In April 2020, Plaintiff, through counsel, alerted Defendant ooShirts, Inc. of the unauthorized use of the Work on the website, www.teetalk.gift, and Plaintiff's copyrights in the Work.

58. At some point prior to April 2020, John Doe 11, under the designation socitpro1803, uploaded the Work to Defendant ooShirts, Inc.'s website, www.teetalk.gift.

59. After the Work was uploaded by John Doe 11 to Defendant ooShirts, Inc.'s website www.teetalk.gift, Defendant ooShirts, Inc. offered a variety of products for sale bearing the Work, including tee shirts, tank tops, coffee mugs, posters, and mobile phone cases.

60. Despite the previous notice to Defendant ooShirts, Inc. of Plaintiff's copyrights in the Work, Defendant ooShirts, Inc., through its website www.teetalk.gift, displayed, manufactured, and distributed products bearing the Work to its customers.

61. Defendant ooShirts, Inc., on its website www.teetalk.gift, displayed the Work with the outer edges omitted on the tee shirts, tank tops, and posters.

62. Defendant ooShirts, Inc., through its website www.teetalk.gift, displayed the Work in two (2) dimensions on the coffee mugs and mobile phone cases to appear fixed to a three (3) dimensional surface, resulting in a manipulation of the Work.

63. While products bearing the Work were displayed on www.teetalk.gift, an unknown number of customers placed orders for products bearing the Work.

64. In response to order placed on Defendant ooShirts, Inc.'s website www.teetalk.gift, Defendant ooShirts, Inc. manufactured the products bearing the Work and distributed them to its customers.

65. Defendant ooShirts, Inc. collected the profits from the sales of the products bearing the Work through its website, www.teetalk.gift.

**COUNT I – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**Against Defendant ooSHIRTS, INC. d/b/a www.teechip.com**

66. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 65 as if fully stated herein.

67. Plaintiff has valid copyrights and a copyright registration for the Work.

68. Defendant ooShirts, Inc. d/b/a www.teechip.com has infringed Plaintiff's copyrights in the Work by preparing derivative works based upon the Work.

69. Defendant ooShirts, Inc. d/b/a www.teechip.com has infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

70. To the extent that Defendant ooShirts, Inc. d/b/a www.teechip.com does not acknowledge copying the Work, Defendant ooShirts, Inc. d/b/a www.teechip.com had access to the Work and the image used by Defendant ooShirts, Inc. d/b/a www.teechip.com is strikingly similar to the Work.

71. As a result of Defendant ooShirts, Inc. d/b/a www.teechip.com's above-described acts of copyright infringement, Plaintiff sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

**COUNT II – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**Against Defendant ooShirts, Inc. d/b/a www.teetalk.gift**

72. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 71 as if fully stated herein.

73. Plaintiff has valid copyrights and a copyright registration for the Work.

74. Defendant ooShirts, Inc. d/b/a www.teetalk.gift has infringed Plaintiff's copyrights in the Work by preparing derivative works based on the Work.

75. Defendant ooShirts, Inc. d/b/a www.teetalk.gift has infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

76. To the extent that Defendant ooShirts, Inc. d/b/a www.teetalk.gift does not acknowledge copying the Work, Defendant ooShirts, Inc. d/b/a www.teetalk.gift had access to the Work and the image used by Defendant ooShirts, Inc. d/b/a www.teetalk.gift is strikingly similar to the Work.

77. As a result of Defendant ooShirts, Inc. d/b/a www.teetalk.gift's above-described acts of copyright infringement, Plaintiff has sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

**COUNT III – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**Against Defendant ooShirts, Inc. and John Doe 1**

78. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 77 as if fully stated herein.

79. Plaintiff has valid copyrights to the Work.

80. Defendants ooShirts, Inc. and John Doe 1 doing business as soci458 have infringed Plaintiff's copyrights in the Work by preparing derivative works based on the Work.

81. Defendants ooShirts, Inc. and John Doe 1 doing business as soci458 infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

82. To the extent that Defendants ooShirts, Inc. and John Doe 1 doing business as soci458 do not acknowledge copying the Work, Defendants ooShirts, Inc. and John Doe 1 doing business as soci458 has access to the Work and the image used by ooShirts, Inc. and John Doe 1 doing business as soci458 is strikingly similar to the Work.

83. As a result of Defendants ooShirts, Inc. and John Doe 1 doing business as soci458's above-described acts of copyright infringement, Plaintiff sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

**COUNT IV – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**Against Defendants ooShirts, Inc. and John Doe 2**

84. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 83 as if fully stated herein.

85. Plaintiff has valid copyrights to the Work.

86. Defendants ooShirts, Inc. and John Doe 2 have infringed Plaintiff's copyrights in the Work by preparing derivative works based on the Work.

87. Defendants ooShirts, Inc. and John Doe 2 infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

88. To the extent that Defendants ooShirts, Inc. and John Doe 2 do not acknowledge copying the Work, Defendants ooShirts, Inc. and John Doe 2 has access to the Work and the image used by ooShirts, Inc. and John Doe 2 is strikingly similar to the Work.

89. As a result of Defendants ooShirts, Inc. and John Doe 2's above-described acts of copyright infringement, Plaintiff sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

**COUNT V – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**Against Defendants ooShirts, Inc. and John Doe 3**

90. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 89 as if fully stated herein.

91. Plaintiff has valid copyrights to the Work.

92. Defendants ooShirts, Inc. and John Doe 3 have infringed Plaintiff's copyrights in the Work by preparing derivative works based on the Work.

93. Defendants ooShirts, Inc. and John Doe 3 infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

94. To the extent that Defendants ooShirts, Inc. and John Doe 3 do not acknowledge copying the Work, Defendants ooShirts, Inc. and John Doe 3 had access to the Work and the image used by ooShirts, Inc. and John Doe 3 is strikingly similar to the Work.

95. As a result of Defendants ooShirts, Inc. and John Doe 2's above-described acts of copyright infringement, Plaintiff sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

**COUNT VI – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**Against Defendants ooShirts, Inc. and John Doe 4**

96. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 95 as if fully stated herein.

97. Plaintiff has valid copyrights to the Work.

98. Defendants ooShirts, Inc. and John Doe 4 have infringed Plaintiff's copyrights in the Work by preparing derivative works based on the Work.

99. Defendants ooShirts, Inc. and John Doe 4 infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

100. To the extent that Defendants ooShirts, Inc. and John Doe 4 do not acknowledge copying the Work, Defendants ooShirts, Inc. and John Doe 4 had access to the Work and the image used by ooShirts, Inc. and John Doe 4 is strikingly similar to the Work.

101. As a result of Defendants ooShirts, Inc. and John Doe 4's above-described acts of copyright infringement, Plaintiff sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

**COUNT VII – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**Against Defendants ooShirts, Inc. and John Doe 5**

102. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 101 as if fully stated herein.

103. Plaintiff has valid copyrights to the Work.

104. Defendants ooShirts, Inc. and John Doe 5 have infringed Plaintiff's copyrights in the Work by preparing derivative works based on the Work.

105. Defendants ooShirts, Inc. and John Doe 5 infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

106. To the extent that Defendants ooShirts, Inc. and John Doe 5 do not acknowledge copying the Work, Defendants ooShirts, Inc. and John Doe 5 had access to the Work and the image used by ooShirts, Inc. and John Doe 5 is strikingly similar to the Work.

107. As a result of Defendants ooShirts, Inc. and John Doe 5's above-described acts of copyright infringement, Plaintiff sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

**COUNT VIII – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**Against Defendants ooShirts, Inc. and John Doe 6**

108. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 107 as if fully stated herein.

109. Plaintiff has valid copyrights to the Work.

110. Defendants ooShirts, Inc. and John Doe 6 have infringed Plaintiff's copyrights in the Work by preparing derivative works based on the Work.

111. Defendants ooShirts, Inc. and John Doe 6 infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

112. To the extent that Defendants ooShirts, Inc. and John Doe 6 do not acknowledge copying the Work, Defendants ooShirts, Inc. and John Doe 6 had access to the Work and the image used by ooShirts, Inc. and John Doe 6 is strikingly similar to the Work.

113. As a result of Defendants ooShirts, Inc. and John Doe 6's above-described acts of copyright infringement, Plaintiff sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

**COUNT IX – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**Against Defendants ooShirts, Inc. and John Doe 7**

114. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 113 as if fully stated herein.

115. Plaintiff has valid copyrights to the Work.

116. Defendants ooShirts, Inc. and John Doe 7 have infringed Plaintiff's copyrights in the Work by preparing derivative works based on the Work.

117. Defendants ooShirts, Inc. and John Doe 7 infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

118. To the extent that Defendants ooShirts, Inc. and John Doe 7 do not acknowledge copying the Work, Defendants ooShirts, Inc. and John Doe 7 had access to the Work and the image used by ooShirts, Inc. and John Doe 7 is strikingly similar to the Work.

119. As a result of Defendants ooShirts, Inc. and John Doe 7's above-described acts of copyright infringement, Plaintiff sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

**COUNT X – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**Against Defendants ooShirts, Inc. and John Doe 8**

120. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 119 as if fully stated herein.

121. Plaintiff has valid copyrights to the Work.

122. Defendants ooShirts, Inc. and John Doe 8 have infringed Plaintiff's copyrights in the Work by preparing derivative works based on the Work.

123. Defendants ooShirts, Inc. and John Doe 8 infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

124. To the extent that Defendants ooShirts, Inc. and John Doe 8 do not acknowledge copying the Work, Defendants ooShirts, Inc. and John Doe 8 had access to the Work and the image used by ooShirts, Inc. and John Doe 8 is strikingly similar to the Work.

125. As a result of Defendants ooShirts, Inc. and John Doe 8's above-described acts of copyright infringement, Plaintiff sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

**COUNT XI – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**Against Defendants ooShirts, Inc. and John Doe 9**

126. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 125 as if fully stated herein.

127. Plaintiff has valid copyrights to the Work.

128. Defendants ooShirts, Inc. and John Doe 9 have infringed Plaintiff's copyrights in the Work by preparing derivative works based on the Work.

129. Defendants ooShirts, Inc. and John Doe 9 infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

130. To the extent that Defendants ooShirts, Inc. and John Doe 9 do not acknowledge copying the Work, Defendants ooShirts, Inc. and John Doe 9 had access to the Work and the image used by ooShirts, Inc. and John Doe 9 is strikingly similar to the Work.

131. As a result of Defendants ooShirts, Inc. and John Doe 9's above-described acts of copyright infringement, Plaintiff sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

**COUNT XII – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501**
**Against Defendants ooShirts, Inc. and John Doe 10**

132. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 131 as if fully stated herein.

133. Plaintiff has valid copyrights to the Work.

134. Defendants ooShirts, Inc. and John Doe 10 have infringed Plaintiff's copyrights in the Work by preparing derivative works based on the Work.

135. Defendants ooShirts, Inc. and John Doe 10 infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

136. To the extent that Defendants ooShirts, Inc. and John Doe 10 do not acknowledge copying the Work, Defendants ooShirts, Inc. and John Doe 10 had access to the Work and the image used by ooShirts, Inc. and John Doe 10 is strikingly similar to the Work.

137. As a result of Defendants ooShirts, Inc. and John Doe 10's above-described acts of copyright infringement, Plaintiff sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

### COUNT XIII – DIRECT COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501
### Against Defendants ooShirts, Inc. and John Doe 11

138. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 137 as if fully stated herein.

139. Plaintiff has valid copyrights to the Work.

140. Defendants ooShirts, Inc. and John Doe 11 have infringed Plaintiff's copyrights in the Work by preparing derivative works based on the Work.

141. Defendants ooShirts, Inc. and John Doe 11 infringed Plaintiff's copyrights in the Work by reproducing, distributing, and publicly displaying unauthorized copies of the Work and/or derivatives thereof.

142. To the extent that Defendants ooShirts, Inc. and John Doe 11 do not acknowledge copying the Work, Defendants ooShirts, Inc. and John Doe 11 had access to the Work and the image used by ooShirts, Inc. and John Doe 11 is strikingly similar to the Work.

143. As a result of Defendants ooShirts, Inc. and John Doe 11's above-described acts of copyright infringement, Plaintiff sustained damages including lost licensing revenue in an amount not yet ascertained, and profits that should be disgorged to Plaintiff.

### COUNT XIV – VICARIOUS INFRINGEMENT
### Against Defendant ooShirts, Inc.

144. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 143 as if fully stated herein.

145. Defendant ooShirt, Inc. had a direct financial interest in the infringing activity described above.

146. Defendant ooShirts had the right and ability to supervise the activity that caused the infringement of the Work.

### COUNT XV – CONTRIBUTORY INFRINGEMENT
### Against ooShirts, Inc.

147. Plaintiff restates the allegations contained in the preceding paragraphs 1 through 146 as if fully stated herein.

148. Defendant ooShirts, Inc. had knowledge of John Doe 11's infringement of the Work.

149. Defendant ooShirts, Inc. induced, caused, or materially contributed to John Doe 11's infringement of the Work.

### PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff prays for judgment against Defendants as follows:

  a. Under 17 U.S.C. § 502, grant temporary and final injunctions on such terms as it deems reasonable to prevent or restrain infringement of Plaintiff's copyrights;

      b.      Under 17 U.S.C. § 503, order the impounding and ultimate destruction, on such terms as it may deem reasonable, of any records or material involved in Defendants' copyright infringement;

      c.      Under 17 U.S.C. § 504, award Plaintiff's actual damages and any additional profits of Defendants, or, if Plaintiff so elects before judgment is entered, award statutory damages up to $150,000 per work infringed;

      d.      Under 17 U.S.C. § 505, award costs to Plaintiff;

      e.      Under 17 U.S.C. § 505, award Plaintiff's reasonable attorney's fees to Plaintiff;

      f.      Award Plaintiff all available pre-judgment and post-judgment interest on all amounts of any judgment; and

      g.      Grant to Plaintiff any such further relief as may be just and proper.

Respectfully submitted,

/s/ Sean J. Quinn
Sean J. Quinn
SOUTHBANK LEGAL: LADUE | CURRAN | KUEHN
100 East Wayne Street, Suite 300
South Bend, Indiana 46601
Telephone: (574) 968-0760
Facsimile: (574) 968-0761
squinn@southbank.legal

and

/s/ Oliver Maguire
Oliver Maguire, admission pro hac vice forthcoming
EVANS & DIXON, LLC
Corporate Woods | Building 82
10851 Mastin Boulevard, Suite 900
Overland Park, Kansas 66210
Telephone: 913-701-6810
Facsimile: 314-884-4386
Email: omaguire@evans-dixon.com
Email: copyright@evans-dixon.com

**ATTORNEYS FOR PLAINTIFF
ANDREW "ANDY" THOMAS**