IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREW "ANDY" THOMAS, | ) | |
| | ) | |
| PLAINTIFF, | ) | CASE NO.: 1:21-cv-2519-TWP-MJD |
| | ) | Judge Tanya Walton Pratt |
| v. | ) | Magistrate Judge Mark J. Dinsmore |
| | ) | |
| ooSHIRTS, INC. doing business | ) | |
| as www.teechip.com, et al. | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**REPLY BRIEF IN SUPPORT OF MOTION TO
ENFORCE SETTLEMENT AGREEMENT**

Pursuant to Local Rule 7-1(c)(3)(B), Plaintiff Andy Thomas ("Plaintiff"), by and through the undersigned counsel, hereby submits this reply brief in support of his Motion to Enforce Settlement Agreement.

## I.  SUMMARY

Defendant ooShirts's opposition essential boils down to two (2) points, both of which are fatally flawed. Defendant ooShirts points to ongoing negotiations as proof that the parties did not form a settlement agreement. Apart from overlooking the crucial email exchange on May 18, 2022, and May 19, 2022, in its opposition brief, Defendant ooShirts conflates negotiations to cure its breach of the settlement agreement with negotiations to form a settlement agreement.

Second, Defendant ooShirts again overlooks the email exchange of May 18 and May 19, which provides sufficient evidence of a contract through electronic means. Even if a subscription is required for the settlement agreement, this requirement under the California statute of frauds is satisfied through the California's Uniform Electronic Transactions Act, Civ. Code, § 1633.1 *et seq.* ("UETA"), which allows the parties to use electronic communication in place of a "wet signature."

Further, Section 664.6 of the California Code of Civil Procedure is a specific civil procedure statute applicable to California courts. This Court, like all other federal courts, is bound by the Federal Rules of Civil Procedure.

## II.     **CONTACT BETWEEN COUNSEL ON MAY 20, 2022 AND AFTER**

The continued communications between the parties does not detract from the fact that the parties formed a settlement agreement on May 19, 2022. Defendant ooShirts neglects to mention in its Statement of Facts that counsel for Defendant ooShirts, acting for Defendant ooShirts, sought one final modification to the Settlement Agreement and stated that it would be executed by Defendant ooShirts with no further revisions. She did this final modification with the authorization of her client. The undersigned counsel, with approval from Plaintiff, agreed to this one final modification. At that point, there was a meeting of the minds and a validly formed contract under California law.

Plaintiff has consistently held the position that the parties formed a settlement agreement on May 19, 2022. To cure the breach of the settlement agreement, the undersigned counsel, in a second call on May 20, 2022, proposed the payment plan schedule as an exhibit that would likely be required to be an addendum to the settlement agreement, requested certified financials to support Defendant ooShirts's claim of imminent bankruptcy, and protections for Plaintiff should Defendant ooShirts file bankruptcy prior to making full payment. Although these conversations took place over the phone, the email Defendant ooShirts attached as Exhibit 1 (Doc. 29-1) supports Plaintiff's position that the parties reached a settlement agreement on May 19, 2022. The proposed payment schedule in Exhibit 1 (Doc. 29-1, pg. 4) requires interest paid on the settlement amount at 9% per annum, which is consistent with the terms of the Settlement Agreement for failure to pay in a timely manner.

Defendant ooShirts's emails contain several emails from the undersigned counsel affirming his position that the parties formed a settlement agreement on May 19, 2022. On May 23, 2022, the undersigned counsel sent an email regarding the Court's July 1 deadline and a Status Report (Doc. 16), which included a statement of Plaintiff's intention to file a motion to enforce settlement agreement. (Doc. 29-2, pg. 2, Exhibit 1). In an email on July 6, 2022, the undersigned counsel sent an email to Defendant ooShirts, stating that the parties had entered into a settlement agreement. (Doc. 29-3, pg. 8, Exhibit 3). In an email on July 12, 2022, the undersigned counsel discussed an addendum to the settlement agreement as the parties formed a settlement agreement. (Doc. 29-3, pg. 5, Exhibit 3).

From January 2022 through the present, Plaintiff has been mindful of the Court's July 1 deadline for resolution of this matter. Plaintiff has continued to engage with Defendant ooShirts to resolve this matter and the breach of the May 19, 2022, settlement agreement. Defendant ooShirts's Brief in Opposition mischaracterizes these attempts and glosses over that the parties had a meeting of the minds on May 19, 2022. Under California law, contracts are formed at the very instant that the meeting of the minds occurs. *Damato v. Slevin*, 214 Cal.App. 3d 668, 675 (1989)(quoting *Maryland C. Co.* v. *Superior Court*, 91 Cal.App. 356, 362-363 (1928)). The parties had a meeting of the minds and Plaintiff request the Court enforce that meeting of the minds.

### III. DEFENDANT ooSHIRTS OVERLOOKS MAY 18-19 EXCHANGE

Despite Defendant ooShirts's argument, a signature is not required to provide the existence of a contract under California law. There is sufficient evidence that a contract has been made when there is evidence of an electronic communication sufficient to indicate that in the communication a contract was made between the parties. Cal. Civ. Code § 1624(b)(2)(A). As discussed in the Brief in Support of the Motion to Enforce Settlement Agreement (Doc. 22), Defendant ooShirts would

agree to the settlement agreement with no further revisions if Plaintiff accepted a revised payment plan. Plaintiff accepted this last and final condition by email, through counsel. This exchange, as well as the following email from Defendant ooShirts's counsel confirmation email on May 19, 2022, is sufficient evidence to satisfy the California statute of frauds.

Defendant ooShirts omits this crucial electronic communication exchange and points to the continuing negotiations of the parties to resolve this matter. The Court need only look to the emails exchanged between counsel for support in finding that a contract between the parties existed and the California statute of frauds is satisfied.

Even if a subscription is required, the emails exchanged satisfy that requirement as well. In his Brief in Support (Doc. 22), Plaintiff cited *Lamle v. Mattel, Inc.*, 394 F.3d 1355 (Fed. Cir. 2005), as support for emails acting as signature under California's UETA. Even though this case is from the Federal Circuit applying California law, the California Court of Appeals cited *Lamle* with approval that the inclusion of the individual's name on the e-mail would be valid signature under California's UETA. *J.B.B. Inv. Partners, Ltd. v. Fair*, 232 Cal. App.4th 974, 998 (2014)(assessing a settlement agreement under CCP § 664.6).

Even though the *J.B.B. Inv. Partners* court analyzed contract formation under Section 664.6 of the California Code of Civil Procedure, that court acknowledged that other jurisdictions reviewing the UETA have concluded the typed names in emails can be electronic signatures. 232 Cal. App.4th at 998 (citing *Preston Law Firm, LLC v. Mariner Health Care Management Co.*, 622 F.3d 384, 391(5th Cir. 2010)(affirming that "[e]-mails can qualify as the signed writings needed to form contracts under Louisiana's UETA); *Cloud Corp. Hasbro, Inc.*, 314 F.3d 298, 295-296 (7th Cir. 2002)(holding that "the sender's name on an e-mail satisfies the signature requirement of the [Illinois] statute of frauds" and noting that it would be a valid signature under the federal

Electronic Signature in Global and National Commerce Act (15 U.S.C. § 7001 *et seq.*) as well); *Gillis v. Wells Fargo Bank,* 875 F.Supp.2d 728, 734-735 (E.D.Mich. 2012)(signed letter and e-mail messages that included the sender's salutation were sufficient to satisfy statute of frauds).

Defendant ooShirts cites Section 664.6 of the California Code of Civil Procedure as the standard for this Court to assess the settlement agreement formed by the parties. But this statute is a California specific statute for California courts. This Court, as with other federal courts, must follow by the Federal Rules of Civil Procedure.

In the emails exchanged by counsel on May 18, 2022, and May 19, 2022, there is no doubt that counsel were acting on behalf of their respective clients and each counsel knew who the other represented. All the emails from Defendant ooShirts's counsel originated from [kmilam@grsm.com](mailto:kmilam@grsm.com) while emails from the undersigned counsel originated from [maguire@knightnicastro.com](mailto:maguire@knightnicastro.com) after March 30, 2022. There is no dispute that the undersigned counsel drafted and sent his emails while Defendant ooShirts's counsel drafted and sent her emails. The email from Defendant ooShirts's counsel on May 19, 2022 (Doc. 22-8) contains a salutation to the undersigned counsel with the terms agreed by the parties and a draft of the terms agreed by the parties (Doc. 22-9). In addition, Defendant ooShirts's counsel's name is typewritten on the bottom of that email.

This matter has been settled for several weeks and Defendant ooShirts refuses to abide by the settlement agreement agreed by the parties. On payment of the settlement proceeds, Plaintiff will file a notice of dismissal and dispose of this action.

WHEREFORE, Plaintiff requests an order from the Court enforcing the settlement agreement of Thursday, May 19, 2022, awarding Plaintiff his costs and attorney's fees accrued

since this matter was resolved on May 19, 2022, and all further relief the Court deems just and proper.

Respectfully submitted,

/s/ Oliver Maguire
Oliver P. Maguire, *admitted pro hac vice*
KNIGHT NICASTRO MACKAY LLC
304 W. 10th Street
Kansas City, Missouri 64105
Telephone: 816-708-0322
Facsimile: 816-708-0322
Email: maguire@knightnicastro.com

and

Sean J. Quinn
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone: 312-360-6555
Facsimile: 312-360-6520
Email: squinn@freeborn.com
**ATTORNEYS FOR PLAINTIFF
ANDY THOMAS**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on this 8th day of August 2022, a copy of the foregoing reply brief was filed using the Court's CM/ECF system, which automatically sends notice to all counsel of record.

/s/ Oliver Maguire
Counsel for Plaintiff
