UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:21-cv-02519-TWP-MJD |
| | ) |
| OOSHIRTS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON PENDING MOTIONS**

This matter is before the Court on Plaintiff's Motion to Enforce Settlement Agreement, [Dkt. 23], and Plaintiff's motion to seal, [Dkt. 25]. For the reasons set forth below, both of these motions are **DENIED**. Also pending is Plaintiff's Request to Set Aside Order Directing Filing of Documents Authorizing Dismissal. [Dkt. 16.] In light of the denial of the motion to enforce settlement, this motion is **GRANTED**. The Court will enter a case management schedule by separate order.

As an initial matter, the Court notes that its review of the instant motion was made more cumbersome by counsel's failure to comply with Local Rule 5-6(a)(2), which requires "[e]ach electronically filed exhibit to a main document" to be "submitted as an attachment to the main document and given a title which describes its content." Counsel are admonished to comply with this Rule, and all other Local Rules, in future filings.

### I. Motion to Enforce Settlement Agreement

Counsel for the parties in this case conducted settlement negotiations, mostly via email, for over a month.  *See generally* Exhibits to [Dkt. 22].  In the instant motion, Plaintiff argues that the parties reached a binding settlement agreement via emails exchanged between counsel on May 18-19, 2022, and asks the Court to enforce that agreement.

The parties agree that California law applies to the issue of whether an enforceable settlement agreement was reached; accordingly, the Court will apply California substantive law. *See Beverly v. Abbott Lab'ys*, 817 F.3d 328, 333 (7th Cir. 2016) ("Both parties rely on Illinois law to support their arguments, so we too will look to that body of substantive law.").

Under California law,

> A settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts.  An essential element of any contract is consent.  The consent must be mutual.  Consent is not mutual unless the parties all agree upon the same thing in the same sense.  The existence of mutual consent is determined by objective rather than subjective criteria, the test being what the outward manifestations of consent would lead a reasonable person to believe.  Outward manifestations thus govern the finding of mutual consent required by Civil Code sections 1550, 1565 and 1580 for contract formation.  The parties' outward manifestations must show that the parties all agreed upon the same thing in the same sense.  If there is no evidence establishing a manifestation of assent to the same thing by both parties, then there is no mutual consent to contract and no contract formation.

*Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 810-11 (1998) (internal citations and quotations marks omitted).

The emails provided by the parties demonstrate that by May 18, 2022, the only terms of the settlement that remained to be agreed upon by counsel were the timing and amounts of the payments to be made by Defendant.  On May 18, 2022, Defendant's counsel sent Plaintiff's counsel the following email:

> From: Kelly Milam <kmilam@grsm.com>
> Sent: Wednesday, May 18, 2022 5:54 PM
> To: Oliver Maguire <maguire@knightnicastro.com>
> Cc: Sean Quinn <squinn@southbank.legal>
> Subject: Re: Thomas v. ooShirts et al.
>
> Hi Oliver. I was able to reach my client today and convinced him to proceed forward with what we have. Would you be agreeable to 3 payments with the first one three weeks after execution, and the second and third being June 30 and July 31? If so, I will revise the agreement to state such and send it back in the morning for execution with no further revisions.
>
> Sent from my iPhone

[Dkt. 22-8 at 3.] The following day, Plaintiff's counsel emailed Defendant's counsel and stated that his client "agrees to the scheduled [sic] you provided in your email last night." *Id.* at 2. Defendant's counsel responded: "Redlined agreement attached, with changes made only to payment dates. Please review. If this is agreeable, please have [your client] execute and send back." *Id.* Plaintiff argues that these emails settled the last remaining terms and therefore constituted a meeting of the minds, creating an enforceable agreement.

The Court agrees with Plaintiff that the quoted emails manifest a meeting of the minds **between counsel**. The question, however, is whether Plaintiff has demonstrated that Defendant's counsel had the authority to bind her client to the settlement agreement via her emails.[1]

---

[1] Defendant, citing to California Code of Civil Procedure § 664.6, argues that the settlement agreement had to be signed by the litigants in order to be enforceable. Section 664.6 is a California procedural rule that does not apply in federal court. Even if it did apply, "Section 664.6 was enacted to provide **a summary procedure** for specifically enforcing a settlement contract without the need for a new lawsuit." *Elyaoudayan v. Hoffman*, 104 Cal. App. 4th 1421, 1428 (2003). It does not change California substantive law regarding contract formation, and therefore "[t]he statutory procedure for enforcing settlement agreements under section 664.6 is not exclusive. Thus, even when the summary procedures of section 664.6 are not available, a party can still seek to enforce a settlement agreement by, among other things, prosecuting an action for breach of contract," and a "determination [that] the statutory prerequisites were not satisfied is not dispositive as to whether a contract in fact existed." *Harris v. Rudin, Richman & Appel*, 74 Cal. App. 4th 299, 306 (1999) (citations omitted).

3

"Under California law, an attorney does not have implied authority to settle a case through his representative role in pending litigation." *Metallicus, Inc. v. Proton Techs. AG*, 2022 WL 2954936, at *2 (N.D. Cal. July 26, 2022) (citing *Madani v. Cnty. of Santa Clara*, 2019 WL 402362, at *6 (N.D. Cal. Jan. 31, 2019) (in turn citing *Blanton v. Womancare, Inc.*, 38 Cal. 3d 396, 404 (1985)); *see also Rael v. Davis*, 166 Cal. App. 4th 1608, 1618 (2008) ("[T]he law is well settled that an attorney must be specifically authorized to settle and compromise a claim, that merely on the basis of his employment he has no implied or ostensible authority to bind his client to a compromise settlement of pending litigation.") (citations omitted). "Rather, specific authorization from the client is required to bind a client to a compromise settlement." *Metallicus, Inc.*, 2022 WL 2954936, at *2 (citations omitted). As the party seeking to enforce the agreement, Plaintiff has the "burden of showing that the parties formed a 'legally enforceable settlement agreement.'" *Id.* (quoting *Madani*, 2019 WL 402362, at *6).

Here, Plaintiff argues the following:

> Defendant ooShirts consented to the terms of the settlement agreement and the emails from Defendant ooShirts's counsel establish such consent. Ms. Milam, acting as an agent of Defendant ooShirts, stated that there would be no further revisions to the settlement agreement as long as Plaintiff agreed to the extended payment plan. (EXHIBIT E). Defendant ooShirts's counsel had express authority to bind Defendant ooShirts to terms of the settlement agreement so long as Defendant ooShirts's last condition was met. The essential facts are not in conflict and the evidence is susceptible to only one inference—that Ms. Milam was an agent of Defendant ooShirts who bound Defendant ooShirts to the settlement agreement.

[Dkt. 22 at 8] (citing *Khan v. Alam*, 2008 WL 444655, at *1 (Cal. Ct. App. Feb. 20, 2008)).

However,

> [a]n agency, whether actual or ostensible, cannot be created by the conduct of the agent alone; rather, conduct by the principal is essential to create the agency. The principal must in some manner indicate that the agent is to act for the principal, and the agent must act or agree to act on the principal's behalf and subject to the

> principal's control. Thus, the formation of an agency relationship is a bilateral matter. Words or conduct by both principal and agent are necessary to create the relationship. The burden of proving that a purported agent had the authority to act for the purported principal in a particular circumstance lies with the persons dealing with the agent.

*Rogers v. Roseville SH, LLC*, 75 Cal. App. 5th 1065, 1074-75 (2022) (internal citations, brackets, and quotation marks omitted); *see also Bay v. Pulliam*, 872 N.E.2d 666, 668 (Ind. Ct. App. 2007) ("Existence of apparent authority must be manifested to the third party by the principal, not the agent. . . . Thus the [attorneys] could not gain apparent authority to settle the claim with [the opposing party] by merely representing that the attorneys had such authority. The manifestation of authority must have come from the [clients]. . . . The mere fact that the [clients] authorized the attorneys to enter into settlement negotiations and knew that such negotiations were being conducted is not a manifestation, either direct or indirect, that [the lawyers] had authority to approve a settlement.").

      In this case, Plaintiff points only to Defendant's counsel's emails to establish the requisite authority. However, as Defendant notes, "Defendant has made no indication whatsoever that it ever intended to finalize an agreement via counsel's e-mail negotiations and not through a signed agreement." [Dkt. 28 at 7.] In the absence of evidence that Defendant agreed to be bound to a settlement via its counsel's emails, rather than by the execution of a settlement agreement, Plaintiff has not satisfied its burden of establishing the existence of an enforceable settlement agreement. Accordingly, based on the evidence before the Court, the motion to enforce settlement must be **DENIED**.

## II.  Motion to Seal

Defendant has filed its motion to enforce settlement and accompanying exhibits under seal and has moved to maintain them under seal pursuant Local Rule 5-11. [Dkt. 25] (seeking to maintain Document Nos. 21, 22, and 22-2 through 22-10 under seal).

Courts must take care when determining whether to seal documents and thus shield them from the public. This is because "[d]ocuments that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010); *see* *Bond v. Utreras*, 585 F.3d 1061, 1073 (7th Cir. 2009) ("It is beyond dispute that most documents filed in court are presumptively open to the public."). This long-standing presumption of public access may be rebutted under certain circumstances, however. For example, a litigant may request to "conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 832 (7th Cir. 2013). Still, "very few categories of documents are kept confidential once their bearing on the merits of a suit has been revealed." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002).

A party may only file a document under seal if it has shown "good cause" to do so. *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see In re Bridgestone / Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.*, 198 F.R.D. 654, 656 (S.D. Ind. 2001) ("The good cause determination requires at least 'a description of the documents and the reasons for their sealing.'" (quoting *In re Associated Press*, 162 F.3d 503, 510 (7th Cir. 1998)). It is not enough to merely assert that disclosure would be harmful; a party must explain how disclosure would cause harm. *Baxter*, 297 F.3d at 547. Moreover,

6

simply designating information as confidential is insufficient to permit under-seal filing, *see* [Union Oil Co. of California v. Leavell, 220 F.3d 562, 567 (7th Cir. 2000)](explaining that requests to seal documents based on confidentiality orders have been uniformly rejected unless good cause exists), and "[a] protective order does not authorize a party to file a document under seal."  Local R. 5-11(d)(1)(D).

    Here, the only reason Defendant has given for maintaining the documents in question under seal is that the parties' settlement agreement requires that its terms be kept confidential.  As already noted, the parties' agreement to maintain confidentiality is not, by itself, good cause for sealing a document.  Defendant has failed to demonstrate that revealing the documents in question to the public would cause either party any harm.  Further, the very broad redactions proposed by Defendant for most of the documents, *see* [Dkt. 24 and accompanying exhibits], are not consistent with the Court's admonition that

> sealing documents is the exception, not the rule.  *See [In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010)](" Documents that affect the disposition of federal litigation are presumptively open to public view, even if the litigants strongly prefer secrecy, unless a statute, rule, or privilege justifies confidentiality.").  As such, redactions must be narrowly tailored on a word-by-word basis in order to protect only the specific information that is subject to sealing.

[Dkt. 18.]  Finally, the Court notes that much of the information Defendant seeks to seal, including some of the exact documents, have been filed by Plaintiff without placing them under seal, and therefore are already publicly available.  *See* [Dkts. 28 & 29].  Accordingly, the motion to seal, [Dkt. 25], is **DENIED**.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Enforce Settlement Agreement, [Dkt. 23], is **DENIED**, and Plaintiff's Request to Set Aside Order Directing Filing of Documents Authorizing Dismissal, [Dkt. 16], is **GRANTED**.

In addition, also for the reasons set forth above, Plaintiff's motion to seal, [Dkt. 25], is **DENIED**, and the **Clerk is directed to UNSEAL Docket Nos. 21, 22, and 22-1 through -10**.

Pursuant to Local Rule 5-11(g), documents ordered unsealed by this Order shall be unsealed after 21 days absent a Federal Rule of Civil Procedure 72(a) objection, a motion to reconsider, an appeal, or further court order.

SO ORDERED.

Dated:  20 SEP 2022

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.