UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW THOMAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02519-TWP-MJD |
| | ) |
| OOSHIRTS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO AMEND COMPLAINT**

This matter is before the Court on Plaintiff's Motion for Leave to Amend His Complaint, [Dkt. 53]. For the reasons set forth below, the Court **GRANTS** the motion.

Defendant ooShirts, Inc., operates websites that allow third parties to upload images and order various products, such as shirts and mugs, with those images on them. In his original Complaint in this case, Plaintiff, who is an artist, alleged that Defendant ooShirts and numerous John Doe defendants infringed on his copyright for one of his works of art ("the Work") by using an image of the Work on various products sold through the websites. Plaintiff asserted claims for direct copyright infringement against Defendant ooShirts and each of the John Doe defendants, and also asserted claims for vicarious and contributory infringement against Defendant ooShirts.

The Case Management Plan in this case provides that "[a]ll motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before November 4, 2022." [Dkt. 38 at 1]. On November 4, 2022, Plaintiff filed the instant motion, seeking leave to file an

amended complaint to add Raymond Lei, the founder and CEO of Defendant ooShirts, as a defendant and to assert a claim of vicarious infringement against him.

Because the instant motion was timely filed, pursuant to Federal Rule of Civil Procedure 15(a)(2), leave to amend is to be granted "freely . . .when justice so requires." "A district court may deny leave to file an amended complaint in the case of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Childress v. Walker*, 787 F.3d 433, 441 (7th Cir. 2015) (quoting *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)).

Defendants argue that Plaintiff's motion should be denied because he "waited over a year to add Mr. Lei to this action," which constituted unduly delay and prejudiced Defendants. That argument is without merit. Plaintiff's motion to amend was timely under the Case Management Plan, and Defendants have not demonstrated that the timely motion was nonetheless unduly delayed. Further, the "prejudice" pointed to by Defendants for Plaintiff's alleged delay is simply that Defendants will "be required to expend a significant amount of additional resources defending against" the new claim. [Dkt. 55 at 4.] But that is not the type of "prejudice" that would justify denying leave to amend. *See Global Tech. & Trading, Inc. v. Tech Mahindra Ltd.*, 789 F.3d 730, 732 (7th Cir. 2015) (in context of a motion to permit the untimely assertion of an affirmative defense, "the expense of conducting a suit does not count as prejudice; what they mean by 'prejudice' is a reduction in the plaintiff's ability to meet the defense on the merits—if, say, a witness has died, or documents have been destroyed, during the time between when the defense should have been raised and when it was actually raised"); *Windle v. Indiana*, 2019 WL 6724605, at *4 (S.D. Ind. Dec. 10, 2019) (applying same rule in context of withdrawing

admissions); *Hall v. Richwine*, 2006 WL 4835918, at *1 (S.D. Ind. June 29, 2006) (applying same rule in context of amending complaint).

    Defendants also argue that Plaintiff's proposed amendment would be futile because it would not survive a motion to dismiss for failure to state a claim. This argument raises complex questions regarding the proper standard to be applied to a claim for vicarious copyright infringement against an officer and/or shareholder of a corporation when only the corporation is guilty of direct infringement. *See generally*, Lynda J. Oswald, *The Divergence of Corporate Officer Liability Doctrine Under Patent and Copyright Law*, 52 Am. Bus. L.J. 557, 592 (2015). Plaintiff argues that the general rule regarding vicarious copyright infringement applies. That rule provides that one "infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (citing *Shapiro, Bernstein & Co. v. H.L. Green Co.,* 316 F.2d 304, 307 (2nd Cir. 1963)). "The purpose of the doctrine is to prevent an entity that profits from infringement from hiding behind undercapitalized 'dummy' operations when the copyright owner eventually sues." *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992) (citing *Shapiro, Bernstein,* 316 F.2d at 309).

    Defendants do not argue that Plaintiff's pleading would be futile if that is the applicable rule. Rather, Defendants argue that the more stringent rule established by the Seventh Circuit in *Dangler v. Imperial Mach. Co.*, 11 F.2d 945 (7th Cir. 1926), applies. In that case, the court held that,

> in the absence of some special showing, the managing officers of a corporation are not liable for the infringements of such corporation, though committed under their general direction. . . . It is when the officer acts willfully and knowingly— that is, when he personally participates in the manufacture or sale of the infringing article (acts other than as an officer), or when he uses the corporation as an

3

> instrument to carry out his own willful and deliberate infringements, or when he knowingly uses an irresponsible corporation with the purpose of avoiding personal liability—that officers are held jointly with the company. The foregoing are by no means cited as the only instances when the officers may be held liable, but they are sufficient for the present case.

*Dangler*, 11 F.2d at 947. *Dangler* was a patent case, however, and the reason given by the court for adopting the "special showing" requirement was that "[t]he uncertainty surrounding the questions of validity and infringement make any other rule unduly harsh and oppressive." *Id.* One could certainly argue that that uncertainty is absent—or at least less of a concern—in copyright infringement claims. While Defendants cite to one district court case applying the *Dangler* rule to all types of intellectual property cases, rather than limiting it to the patent context, *see* [Dkt. 55 at 3] (citing *Asher Worldwide Enters. LLC v. Housewaresonly.com Inc.*, 2013 WL 4516415 (N.D. Ill. Aug. 26, 2013)), the Seventh Circuit has not done so, and, in fact, has recognized that different rules for vicarious liability apply in different contexts. *See Hard Rock Cafe*, 955 F.2d at ("[T]he Supreme Court tells us that secondary liability for trademark infringement should, in any event, be more narrowly drawn than secondary liability for copyright infringement.") (citing *Sony Corp. of America v. Universal City Studios, Inc.,* 464 U.S. 417, 439 n. 19 (1984) (citing "fundamental differences" between copyright and trademark law)).[1]

   Defendants simply have not sufficiently briefed this complex issue of law and "[i]t is not this court's responsibility to research and construct the parties' arguments." *Draper v. Martin,*

---

[1] In *Sony Corp.*, the Supreme Court recognized the "historic kinship between patent law and copyright law," but also recognized that "there are substantial differences between the patent and copyright laws" and stated that "[t]he two areas of the law, naturally, are not identical twins, and we exercise the caution which we have expressed in the past in applying doctrine formulated in one area to the other." *Sony Corp.*, 464 U.S. 439 & n.19 (citing *Mazer v. Stein,* 347 U.S. 201, 217-18 (1954); *Bobbs-Merrill Co. v. Straus,* 210 U.S. 339, 345 (1908)).

664 F.3d 1110, 1114 (7th Cir. 2011). Accordingly, Defendants have not demonstrated that the proposed amendment would be futile, and the Court will permit the amendment. If, after thoroughly researching the issue, Defendants determine that the "special showing" requirement is properly applied to copyright cases, they may raise the issue in a dispositive motion.

    For the reasons set forth above, Plaintiff's motion to amend, [Dkt. 53], is **GRANTED**. Plaintiff shall file its amended complaint, in substantially the same form as that found at Docket No. 53-1, **within seven days of the date of this Order**.

    SO ORDERED.

Dated: 23 NOV 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.